1    **JOSEPH CLAPP, ESQ. (State Bar No. 099194)**
     **HERRON & HERRON**
2    18360 Sonoma Highway
     Sonoma, CA  95476
3    Telephone:  (707) 933-4430
     Facsimile:  (707) 933-4431
4    E-Mail: joeclapp@herron-herron.com

5    Attorneys for Plaintiff PAULA J. NEGLEY

6    **IAN P. FELLERMAN, ESQ. (State Bar No. 119725)**
     **JOAN PUGH NEWMAN, ESQ. (State Bar No. 148562)**
7    **WILEY PRICE & RADULOVICH, LLP**
     1301 Marina Village Parkway, Suite 310
8    Alameda, CA  94501
     Telephone: (510) 337-2810
9    Facsimile:  (510) 337-2811
     E-Mail: ifellerman@wprlaw.com
10
     Attorneys for Defendants JUDICIAL COUNSEL OF
11   CALIFORNIA and ADMINISTRATIVE OFFICE OF
     THE COURTS
12

13                     UNITED STATES DISTRICT COURT
14                     NORTHERN DISTRICT OF CALIFORNIA
15

16
     PAULA J. NEGLEY,                        No. CV 08-3690 MHP
17
              Plaintiff,
18
     vs.                                     **STIPULATION FOR LEAVE TO**
19                                           **FILE FIRST AMENDED**
                                             **COMPLAINT;** [PROPOSED]
20   JUDICIAL COUNCIL OF CALIFORNIA          **ORDER THEREON**
     and ADMINISTRATIVE OFFICE OF THE
21   COURT,

              Defendants.
22

23

24           IT IS HEREBY STIPULATED AND AGREED by Plaintiff Paula Negley and

25   Defendants Judicial Council of California and Administrative Office of the Courts, through their

26   respective counsel of record, that plaintiff shall have leave to file the first amended complaint

27   that is attached as "Exhibit First Amended Complaint."  In addition, the parties stipulate, through

28   their counsel, that: (i) the Court shall vacate all of the dates set at the Status Conference held on

1  June 8, 2009; (ii) Defendants shall have thirty days to file a responsive pleading to the first

2  amended complaint; (iii) the Court shall set a new Status Conference in approximately 90 days

3  for the purpose of setting new discovery cut-off, dispositive motion, pre-trial conference and trial

4  dates; and (iv) Defendants shall have the right to depose Plaintiff on the new allegations and

5  claims in the First Amended Complaint.

6  DATED: July 9, 2009                           HERRON & HERRON

7                                                By: _____/s/_____
                                                     JOSEPH CLAPP, ESQ.
8                                                    Attorneys for Plaintiff,
                                                     PAULA J. NEGLEY
9

10 DATED: July 9, 2009                           WILEY, PRICE & RADULOVICH

11                                               By: _____/s/_____
                                                     IAN FELLERMAN, ESQ.
                                                     JOAN PUGH NEWMAN, ESQ.
12                                                   Attorneys for Defendants
                                                     JUDICIAL COUNCIL OF CALIFORNIA
13                                                   AND ADMINISTRATIVE OFFICE OF THE
                                                     COURTS
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**ORDER**

2    Based on the parties' Stipulation, and for good cause shown, IT IS HEREBY

3  ORDERED:

4    1.    That Plaintiff is granted leave to file the attached First Amended

5  Complaint, and that the attached First Amended Complaint shall be deemed filed as of the date

6  of this Order;

7

8    2.    Defendants shall have 30 days from the filing of the First Amended

9  Complaint to file a responsive pleading;

10    3.    That all of the dates set at the June 8, 2009 status conference are vacated;

11  and

12    4.    That a further Status Conference shall be held on October 26, 2009 at 3

13
14  p.m.

15

16  DATED: July 24, 2009

17

18                                    _____
19                                    UNITED                    RT JUDGE
20
21



22

23

24

25

26

27

28

**"First Amended Complaint"**

**JOSEPH CLAPP, ESQ., SBN 99194**
**HERRON & HERRON**
18360 Sonoma Highway
Sonoma, California 95476
Telephone:  707/933-4430
Facsimile:  707/933-4431
joeclapp@herron-herron.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PAULA J. NEGLEY, | ) | Case No. CV 08 3690 MHP |
| | ) | |
| Plaintiff, | ) | **FIRST AMENDED** |
| | ) | **COMPLAINT FOR** |
| vs. | ) | **VIOLATION OF EQUAL PAY** |
| | ) | **ACT, RETALIATORY** |
| JUDICIAL COUNCIL OF CALIFORNIA and | ) | **HARASSMENT, AND** |
| ADMINISTRATIVE OFFICE OF THE COURT, | ) | **WRONGFUL TERMINATION** |
| | ) | |
| Defendants. | ) | **DEMAND FOR JURY TRIAL** |
| | ) | |

Plaintiff alleges:

## JURISDICTION

1.      Plaintiff Paula J. Negley is a female adult who was and is employed by defendants as a labor relations negotiator.  She operates out of defendants' main office in San Francisco, California.

2.      Defendant Judicial Council of California ("Judicial Council") is the policymaking body of the California courts.  Defendant Administrative Office of the Court ("AOC") is the Judicial Council's staff agency responsible for implementing Judicial Council policies.

/ / /

/ / /

3.    At all relevant times, each defendant was the agent of each other defendant, and each defendant was acting within the course, scope and authority of such agency. At all relevant times, each defendant authorized and ratified each of the actions of each other defendant. At all relevant times, each defendant was the alter ego of each other defendant.

4.    The first cause of action arises under 29 U.S.C. §§206(d) and 216. This Court has been vested with jurisdiction over this cause of action pursuant to 28 U.S.C. §1331. The remaining causes of action are so related to the first that they form part of the same case or controversy. This court has been vested with jurisdiction over this cause of action pursuant to 28 U.S.C. §1367(a).

## INTRADISTRICT ASSIGNMENT

5.    A substantial part of the events or omissions which gave rise to this lawsuit occurred in the county of San Francisco.

## FIRST CAUSE OF ACTION
[Equal Pay Act, 29 U.S.C. §§206(d), 216]

6.    In November 2005, defendants hired Negley to perform the work of a labor relations negotiator. She continued performing that work until her termination from employment.

7.    In April 2008, defendants hired a man to perform the work of a labor relations negotiator, also operating out of defendants' San Francisco main office. The defendants pay this man more than $1000 per month more than they pay Negley to perform essentially the same work.

8.    In doing so, the defendants have discriminated against Negley on the basis of her sex by paying her wages at a rate less than the rate at which they pay an employee of the opposite sex for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.

WHEREFORE, plaintiff prays for judgment against defendants, and each of them, as hereinafter set forth.

## SECOND CAUSE OF ACTION
[Equal Pay Act, California Labor Code §1197.5]

9.    Plaintiff incorporates paragraphs 1 through 9 as though fully set forth herein.

/ / /

WHEREFORE, plaintiff prays for judgment against defendants, and each of them, as hereinafter set forth.

## THIRD CAUSE OF ACTION
### [Sex Discrimination in Compensation, California Government Code §12940(a)]

10.     Plaintiff incorporates paragraphs 1 through 9 as though fully set forth herein.

11.     On or about August 12, 2008, plaintiff filed a complaint alleging sex discrimination and retaliation with the California Department of Fair Employment and Housing.  On or about June 30, 2009, the DFEH issued a "right to sue" letter.

WHEREFORE, plaintiff prays for judgment against defendants, and each of them, as hereinafter set forth.

## FOURTH CAUSE OF ACTION
### [Discrimination and Retaliatory Harassment in Contravention of Government Code §12940(h),(j)]

12.     Plaintiff incorporates paragraphs 1 through 11 as though fully set forth herein.

13.     On or about March 24, 2008, plaintiff orally questioned the fairness of defendant's hiring a man to perform the work of a labor relations negotiator while paying him more money.

14.     On or about April 1, 2008, plaintiff filed an internal complaint pursuant to the Personnel Policies and Procedures of the California Judicial Branch alleging the foregoing conduct.

15.     On or about May 5, 2008, plaintiff filed a second internal complaint alleging sex discrimination and retaliation.

16.     During the summer of 2008, plaintiff filed a complaint alleging sex discrimination and retaliation with the Equal Employment Opportunity Commission.

/ / /

/ / /

17.     On or about August 12, 2008, as described above, plaintiff filed a complaint alleging sex discrimination and retaliation with the California Department of Fair Employment and Housing.  On or about July 9, 2009, the DFEH issued a "right to sue" letter.

18.     From the time of plaintiff's foregoing complaints until the end of her employment, defendant subjected plaintiff to an incessant campaign of harassment designed to provoke her into quitting.  Defendant conducted this campaign because of the complaints that Negley had made.

19.     On or about July 9, 2009, plaintiff filed another complaint with the California Department of Fair Employment and Housing alleging on-going sex discrimination and retaliation, up to and including her termination from employment.  On or about July 9, 2009, the DFEH issued a "right to sue" letter.

20.     As a legal result, plaintiff has suffered, and will suffer, the loss of employment compensation and the loss of future earning capacity.  In addition, she has suffered, and will suffer, emotional distress, loss of dignity, loss of status, loss of enjoyment of life, and harm to her reputation.

WHEREFORE, plaintiff prays for judgment against defendants, and each of them, as hereinafter set forth.

## FOURTH CAUSE OF ACTION
### [Retaliatory Discharge in Contravention of California Government Code §12940(h),(j)]

21.     Plaintiff incorporates paragraphs 1 through 20 as though fully set forth herein.

22.     On or about April 6, 2009, defendant discharged plaintiff from employment.

23.     Defendant discharged plaintiff because of her complaints of sex discrimination and retaliation she had made.

/ / /

/ / /

24.    As a legal result, plaintiff has suffered, and will suffer, the loss of employment compensation and the loss of future earning capacity.  In addition, she has suffered, and will suffer, emotional distress, loss of dignity, loss of status, loss of enjoyment of life, and harm to her reputation.

WHEREFORE, plaintiff prays for judgment against defendants, and each of them, as hereinafter set forth.

## FIFTH CAUSE OF ACTION
### [Wrongful Discharge in Contravention of Public Policy – Retaliation]

25.    Plaintiff incorporates paragraphs 1 through 24 as though fully set forth herein.

WHEREFORE, plaintiff prays for judgment against defendants, and each of them, as hereinafter set forth.

## SIXTH CAUSE OF ACTION
### [Wrongful Harassment and Discharge in Contravention of Public Policy –
### California Labor Code §2802]

26.    Plaintiff incorporates paragraphs 1 through 25 as though fully set forth herein.

27.    During 2007 and into 2008, plaintiff complained that defendant failed to fully reimburse plaintiff for expenses she incurred during the discharge of her duties.

28.    Defendant harassed and discharged plaintiff as described above for complaining that defendant failed to fully reimburse her for the expenses she incurred.

29.    This retaliatory discharge contravenes a well-established, substantial and fundamental public policy protecting the right of wage earners to enforce their right to obtain indemnification for necessary expenditures incurred.  This policy both informs and emanates from numerous sources, including Labor Code Sections 90.5, 91, 95, 96, 98, 98.6, 201, 202, 204, 206, 210, and 216, and 2802.

/ / /

/ / /

30.     As a legal result, plaintiff has suffered, and will suffer, the loss of employment

compensation and the loss of future earning capacity.  In addition, she has suffered, and will suffer,

emotional distress, loss of dignity, loss of status, loss of enjoyment of life, and harm to her reputation.

WHEREFORE, plaintiff prays for judgment against defendants, and each of them, as

hereinafter set forth.

## SEVENTH CAUSE OF ACTION
### [Wrongful Discharge in Contravention of Public Policy – Right to Consult Attorney]

31.     Plaintiff incorporates paragraphs 1 through 30 as though fully set forth herein.

32.     Defendant discharged plaintiff because she retained and communicated with

an attorney.

33.     This discharge contravenes a well-established, substantial, and fundamental

public policy protecting the right of employees and others to consult and retain attorneys in order to

obtain counsel and assistance in enforcing their legal rights.  This policy both informs and emanates

from numerous sources, including California Labor Code Section 923, California Evidence Code

Section 950 *et seq.*, California Business and Professions Code Section 6000 *et seq.*, and California

Rule of Professional Conduct 3-110.

34.     As a legal result, plaintiff has suffered, and will suffer, the loss of employment

compensation and the loss of future earning capacity.  In addition, she has suffered, and will suffer,

emotional distress, loss of dignity, loss of status, loss of enjoyment of life, and harm to her reputation.

WHEREFORE, plaintiff prays for judgment against defendants, and each of them, as

hereinafter set forth.

/ / /

/ / /

/ / /

## PRAYER

Plaintiff prays for judgment as follows:

1.    For the amount of unpaid minimum wages, according to proof, and an equal amount for liquidated damages, on the first cause of action;

2.    For the amount of wages of which the plaintiff was deprived by reason of the violation, according to proof, and an equal amount for liquidated damages, on the second cause of action;

3.    For damages according to proof on the remaining causes of action;

4.    For interest due;

5.    For attorney fees and costs of suit; and

6.    For such other and further relief as the Court may deem proper.

DATED: July 13, 2009                          HERRON & HERRON

By: _Joseph Clapp /ns/_
JOSEPH CLAPP, ESQ.
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

The plaintiff demands a trial by jury of all issues triable of right by a jury.

DATED: July 13, 2009                          HERRON & HERRON

By: _Joseph Clapp /ns/_
JOSEPH CLAPP, ESQ.
Attorneys for Plaintiff

Negley\pld\facomplaint.doc

## PROOF OF SERVICE

I am employed in the County of Sonoma, State of California. I am over the age of 18 years and not a party to the within action. My business address is 18360 Sonoma Highway, Sonoma, California 95476.

On July 13, 2009, I served the attached: **Stipulation for Leave to File First Amended Complaint; [Proposed] Order Thereon,** on the parties to said action by placing a true copy of each of the document(s) thereof in a sealed envelope addressed as listed below:

**Counsel For: JUDICIAL COUNCIL OF CALIFORNIA and ADMINISTRATIVE OFFICE OF THE COURT**

Ian P. Fellerman, Esq. – Via US Mail
Joan Pugh Newman, Esq.
WILEY PRICE & RADULOVICH, LLP
1301 Marina Village Parkway, Suite 310
Alameda, CA 94501
Tele: (510) 337-2810
Fax: (510) 337-2811

[X] **(BY MAIL)** I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on that same day with first class postage thereon fully prepaid at Sonoma, California, in the ordinary course of business.

[ ] **(OVERNIGHT MAIL)** I deposited said addressed envelope(s) in a box or facility regularly maintained by Federal Express, in an envelope or package designated by Federal Express with delivery fees paid or provided for.

[ ] **(PERSONAL SERVICE)** I caused such addressed envelope(s) to be delivered, by hand, to the office of the addressee(s).

[X] **(VIA FACSIMILE AND/OR E-MAIL AND U.S. MAIL)** I caused such document(s) to be transmitted by facsimile and/or e-mail on the parties to said action, confirmed receipt of the facsimile and/or e-mail, and also placed a true copy of each of the documents thereof in a sealed envelope addressed as listed above for mailing. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on that same day with first class postage thereon fully prepaid at Sonoma, California, in the ordinary course of business.

[ ] **(E-SERVICE)** I caused such document(s), as required by the Court's Order Mandating Electronic Filing and Service, to be served on the above-named parties to this action via e-service (LEXIS/NEXIS OR ONE LEGAL). The transmission was reported as complete and without error. A copy of the LEXISNEXIS/ONE LEGAL filing receipt will be maintained with the document in our file.

I declare under penalty of perjury that the foregoing is true and correct. Executed at Sonoma, California on April 27, 2009.

_____
NORMA DALE

Negley v. Judicial Council of California/CV08-3690MHP